**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHIN-EI BOEKI, LTD. | CIVIL ACTION |
| v. | NO. 1:00-cv-02241 |
| SCOTT KAJIYA, MICHAEL W. BINGHAM, CARY BRIGGS, SIGN LANGUAGE EYEWEAR, INC. d/b/a SIGN LANGUAGE HABITAT, and Si SCOOTER WORKS, INC. | (Judge Kane) |

FILED
HARRISBURG, PA
APR 29 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

BRIEF IN SUPPORT OF
MOTION OF PLAINTIFF SHIN-EI BOEKI, LTD.
FOR ENTRY OF DEFAULT PURSUANT TO F.R.CIV.P. 55(a)

I.   **PROCEDURAL HISTORY**

On or about December 14, 2001 plaintiff Shin-Ei Boeki, Ltd. ("Shin Ei-Boeki") filed a motion pursuant to F.R.Civ.P.15(a) for leave to file an amended complaint. By way of the amended complaint, plaintiff sought to amend the name of one of the defendants, from "Sign Language Habitat" to "Sign Language Eyewear, Inc. d/b/a Sign Language Habitat." A true and correct copy of the amended complaint is attached hereto as Exhibit "C".

Plaintiff's Rule 15(a) motion was unopposed and was granted by this Honorable Court by order dated February 26, 2002. The order was filed with the clerk on February 27, 2002.

By operation of the February 26, 2002 order granting plaintiff leave to file the amended complaint, pleadings in response to the amended complaint were due on or before March 12, 2002. See a true and correct copy of the docket as of March 19, 2002, attached hereto as Exhibit

F:\WPCNET\DOCS\31455\001\pleadings\brief.in.support.of.motion.WPD

"C". To date, neither defendant Scott Kajiya nor defendant Sign Language Eyewear, Inc. d/b/a Sign Language Habitat have filed a responsive pleading, nor have either of these parties sought an extension of the time within which to file a responsive pleading. Accordingly, both of these parties are in default.

Plaintiff is presently moving pursuant to F.R.Civ.P. 55(a) for entry of default against defendants Scott Kajiya and Sign Language Eyewear, Inc. d/b/a Sign Language Habitat.

## II.    STATEMENT OF FACTS

By order of this Honorable Court dated February 26, 2002, and filed with the clerk on February 27, 2002, plaintiff's motion for leave to file an amended complaint was granted. A true and correct copy of the subject order is attached hereto as Exhibit "A".

A true and correct copy of plaintiff's amended complaint is attached hereto as Exhibit "B". By operation of the amended complaint the party originally sued as Sign Language Habitat is to be henceforth known in this litigation as Sign Language Eyewear, Inc. d/b/a Sign Language Habitat. *Id.*

Based upon the aforementioned order, the clerk of court docketed plaintiff's amended complaint on or about February 27, 2002. A true and correct copy of the docket as of March 19, 2002 is attached hereto as Exhibit "C". Pursuant to the Federal Rules of Civil Procedure, and as reflected in the case docket, answers to the amended complaint were due on or before March 12, 2002. (See Exhibit "C").

In this civil action, defendants Kajiya and Sign Language Eyewear, Inc d/b/a Sign Language Habitat are represented by, and have appeared through, attorney Michael J. Hanft.

The District Court enjoys subject matter jurisdiction over this civil action, as well as personal jurisdiction over defendants Kajiya and Sign Language Eyewear, Inc d/b/a Sign Language Habitat.

To date, defendant Kajiya has not filed an answer nor any other pleading in response to the amended complaint. (See Exhibit "C"). See Unsworn Declaration of attorney Jonathan S. Ziss, attached hereto as Exhibit "D". To date, defendant Sign Language Eyewear, Inc. d/b/a Sign Language Habitat has not filed an answer nor any other pleading in response to the amended complaint.

### III. STATEMENT OF QUESTIONS INVOLVED

Whether the clerk of the district court may enter default against a party pursuant to F.R.Civ.P. 55(a) where the district court enjoys subject matter jurisdiction over the civil action; enjoys personal jurisdiction over the defendant; and where the defendant has failed to answer, move or otherwise plead within the prescribed time.

### IV. ARGUMENT

Rule 55 of the Federal Rules of Civil Procedure, titled Default, provides in pertinent part:

> **(a)** **Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Upon motion of a party, the clerk of court may enter a default against a party who has failed to plead or otherwise defend against a claim for affirmative relief. *Id.* The clerk's entry of a party's default is the official recognition that the party is in default. The entry of default is a prerequisite for the entry of judgment upon that default. Default is, in effect, akin to a finding of liability with the entry of final judgment yet to come. *See Alameda v. Secretary of Health, Educ. & Welfare,* 622 F.2d 1044, 1048 (n.3) (1st Cir. 1980).

The party against whom the default is entered must have been properly served with process, and the district court must enjoy subject matter jurisdiction as well as personal jurisdiction over the defaulting party, provided that the clerk is satisfied, by the moving party's affidavit or otherwise, that the defaulting party has failed to plead or otherwise defend. *See New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996) (entry of default is made by clerk, once default established by affidavit or otherwise).

In this civil action, defendants were required to answer, move or otherwise plead in response to plaintiff's amended complaint on or before March 12, 2002. *See* Exhibit "C". *See Farnesc v. Bagnasco,* 687 F.2d 761 (3rd Cir. 1982) (quoting F.R.Civ.P. 15(a): "a party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer").

Because all of the prerequisites to entry of default have been met in this civil action, plaintiff requests that the clerk of court enter default pursuant to F.R.Civ.P. 55(a) against defendants Scott Kajiya and Sign Language Eyewear, Inc. d/b/a Sign Language Habitat.

## V. **CONCLUSION**

For the reasons set forth in the annexed motion for entry of default, and as set forth above, plaintiff Shin Ei-Boeki, LLC respectfully requests that the clerk of court enter default against defendants Scott Kajiya and Sign Language Eyewear, Inc. d/b/a Sign Language Habitat.

Respectfully submitted,

SILVERMAN BERNHEIM & VOGEL

By: _____
JONATHAN S. ZISS
PA I.D. 42437
Attorneys for plaintiff
Shin-Ei Boeki, Ltd.

Two Penn Center Plaza
Suite 910
Philadelphia, PA 19102
(215) 569-0000