ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHIN-EI BOEKI, LTD.                              :

                                                 :      CIVIL ACTION

                                                 :      NO. 1:00-cv-02241
                v.                               :

                                                 :      (Judge Kane)
SCOTT KAJIYA, MICHAEL W. BINGHAM,                :
CARY BRIGGS, SIGN LANGUAGE EYEWEAR, :
INC. d/b/a SIGN LANGUAGE HABITAT,                :
and Si SCOOTER WORKS, INC.                       :

                                                 :

**FILED**
HARRISBURG, PA

APR 2 9 2002

MARY E. D'ANDREA, CLERK
Per _____
             Deputy Clerk

### EXHIBITS IN SUPPORT OF
### MOTION OF PLAINTIFF SHIN-EI BOEKI, LTD.
### FOR ENTRY OF DEFAULT PURSUANT TO F.R.CIV.P. 55(a)

## **TABLE OF CONTENTS**

Exhibit "A" -

    Order dated February 26, 2002 granting plaintiff's
    motion for leave to file an amended complaint.................................................... 1


Exhibit "B" -

    Plaintiff's Amended Complaint............................................................................ 1


Exhibit "C" -

    Docket as of March 19, 2002 .............................................................................. 2


Exhibit "D" -

    Unsworn Declaration of attorney Jonathan S. Ziss............................................. 2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHIN-EI BOEKI, LTD,                          :
                                             :        CIVIL ACTION NO. 1:CV-00-2241
                    Plaintiff,               :
                                             :
          v.                                 :        (Judge Kane)
                                             :
SCOTT KAJIYA, MICHAEL W.                     :
BINGHAM, CARY BRIGGS,                        :
SIGN LANGUAGE HABITAT,                       :
and SI SCOOTER WORKS, INC.,                  :
                                             :
                    Defendants.              :

**FILED**
**HARRISBURG**

FEB 2 7 2002

MARY E. D'ANDREA, CLERK
Per_____
        DEPUTY CLERK

### ORDER

    **AND NOW,** upon consideration, **IT IS ORDERED THAT** Plaintiff's motion for leave

to file an amended complaint is **GRANTED**.  The Clerk of Court shall docket the amended

complaint attached as exhibit D to Plaintiff's motion.

_____
Yvette Kane
United States District Judge

Dated: February 26, 2002.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHIN-EI BOEKI. LTD. | : |
| No. 1-4, 1-Chome | : |
| Hatchobori Chuo-Ku | : |
| Tokyo. Japan 104 | :  CIVIL ACTION |
| | : |
| v. | :  NO. |
| | : |
| SCOTT KAJIYA | : |
| 1820 West 220th | : |
| Torrance, CA 90501 | : |
| and | : |
| MICHAEL W. BINGHAM | : |
| 130 Ridgefield Drive | : |
| York, PA 17403 | : |
| and | : |
| CARY BRIGGS | : |
| 130 Ridgefield Drive | : |
| York. PA 17403 | : |
| and | : |
| SIGN LANGUAGE EYEWEAR, INC. | : |
| d/b/a SIGN LANGUAGE HABITAT | : |
| 1820 West 220th | : |
| Torrance. CA 90501 | : |
| and | : |
| | : |
| SI SCOOTER WORKS, LLC | : |
| 406 North Main Street | : |
| Shrewsbury. PA 17361 | : |

## AMENDED COMPLAINT

Plaintiff Shin-Ei Boeki, Ltd., by its undersigned counsel. for its amended complaint

against defendants Scott Kajiya, Michael W. Bingham. Cary Briggs. Sign Language

Eyewear. Inc. d/b/a Sign Language Habitat and SI Scooter Works. LLC. alleges as follows:

## Summary of the Action

1.      This is an action by a Japanese distributor of pedal scooters against three individuals and two corporations, which ordered almost $700,000 worth of goods from the plaintiff. Pursuant to the terms of the purchase orders signed by defendant Scott Kajiya on behalf of the remaining defendants, 30% of the total amount due for each purchase order was due upon shipment of the goods and the remaining 70% was to be paid within one week of custom clearance at the United States border. Another, smaller order for accessories was due cash on delivery. Despite the shipment of all of the goods which were the subject of the purchase order, with the exception of $47,598.60 of goods which were not shipped as a result of payment default, the goods were shipped to the defendants as ordered. Despite partial payments received from the defendants in the amount of $160,097.70, there remains an outstanding balance of $245,487.30 remaining unpaid and owing as well as a loss suffered by plaintiff on goods not released and partially resold in order to mitigate the damages suffered due to the breach. Plaintiff seeks judgment against the defendants, jointly and severally in the amount of $461,062.70 together with interest and the costs of this action.

## The Parties

2.      Plaintiff Shin-Ei Boeki, Ltd., is a corporation formed under the laws of Japan, with an address at No. 104, 1-Chome, Hatchobori, Chuo-Ku, Tokyo, Japan 104.

3.      Defendant Scott Kajiya ("Kajiya") is an individual resident of the State of California, with an address located at 1820 West 220th, Torrance, CA 90501.

4.     Defendant Michael W. Bingham ("Bingham") is an individual resident of the Commonwealth of Pennsylvania with a place of business located at 130 Ridgefield Drive, York, PA 17403.

5.     Defendant Cary Briggs ("Briggs") is an individual resident of the Commonwealth of Pennsylvania, with an address at 130 Ridgefield Drive, York, PA 17403.

6.     Defendant Sign Language Eyewear, Inc. is a California business corporation with an address located at 1820 West 220th, Torrance, CA 90501. At all times relevant hereto, Sign Language Eyewear, Inc. did business as "Sign Language Habitat (hereinafter "Sign Language Eyewear d/b/a Sign Language Habitat").

7.     Defendant SI Scooter Works LLC is a Pennsylvania limited liability corporation with addresses located at 406 N. Main Street, Shrewsbury, PA and at 130 Ridgefield Drive, York, PA 17403.

### Jurisdiction and Venue

8.     Jurisdiction properly lies in this Court pursuant to 28 U.S.C. §1332(a) in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of a foreign state as plaintiff and citizens of Pennsylvania and other states as defendants.

9.     Venue properly lies in this Court pursuant to 28 U.S.C. §1391(a) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and in which defendants, subject to personal jurisdiction, may be found.

### Factual Background

10.    On or about July 24, 2000, defendant Kajiya, utilizing both the trade names "SI Scooter Works" and "Sign Language Habitat", issued purchase orders to plaintiff for products in the amount of $693,759.00. True and correct copies of these purchase orders are attached hereto and incorporated by reference as Exhibit "A".

11.    Per the instructions of Mr. Kajiya, the invoices for the scooters were sent to Sign Language Eyewear d/b/a Sign Language Habitat in California and the goods were shipped to Baltimore and Washington for subsequent delivery to SI Scooter Works in York, Pennsylvania.

12.    Pursuant to the terms of the purchase orders executed by the defendants, the payment terms required payment by wire transfer 30% upon shipment and the remaining 70% within one week after custom clearance at the United States border. See Exhibit "A" hereto.

13.    Goods with a retail value of $646,160.40 were shipped to defendants pursuant to the purchase orders over a period of time from August 4, 2000 through September 10, 2000. In violation of the terms of the contract between plaintiffs and defendants, defendants did not pay 30% of each shipment upon the shipping date and the remaining 70% within seven days thereafter. Rather, partial late payments were made in the amount of $160,097.70 were paid, leaving a balance of $486,062.70.

14.    Due to defendants' payment default, goods with a retail value of $240,575.40 were not released to defendants upon reaching the United States. Rather, those goods have been held for resale in order to mitigate plaintiff's damages. As of the date of this

Complaint. $25,000 has been recovered for a portion of these goods, leaving an unpaid balance of $215,575.40.

15.     By reason of the foregoing, there remains a due and unpaid balance under the purchase orders in the amount of $461,020.70.

### Claim for Relief

16.     Plaintiff repeats and incorporates its allegations contained in paragraphs 1 through 15 as if fully set forth at length herein.

17.     Plaintiff contracted with the defendants to ship $693,759.00 worth of scooters pursuant to the terms set forth in the three purchase orders attached hereto as Exhibit "A".

18.     Defendants received $405,585.00 worth of goods and violated the payment terms by failing to pay 30% of each shipment upon shipping and the remaining 70% within seven days thereafter.

19.     By letter dated October 16, 2000 (Exhibit "B" hereto), plaintiff made formal demand for payment upon all defendants to pay the remaining balance due and owing under the contract between plaintiff and defendants but, despite repeated reassurances by defendants Briggs and Brigham that payment was forthcoming, no payments have been received on account of the outstanding invoices.

20.     By reason of the foregoing, defendants have breached the contract represented by the purchase orders signed by defendant Kajiya on behalf of the defendants and plaintiff has been damaged for goods delivered to defendants in the amount of $245,487.30 together with interest accruing on each invoice beginning seven days from the date of shipping.

21.    On account of defendants' default under the contract, plaintiff refused to release goods after shipment with a retail contract value of $240,575.40 and to date, has resold $25,000 of those goods, leaving a contract balance of $215,575.40.

WHEREFORE, plaintiff demands judgment in the amount of $461,062.70, together with interest and the costs of this action, together with such other and further relief as the Court deems just and proper.

SILVERMAN BERNHEIM & VOGEL

BY: _____
JONATHAN S. ZISS, ESQUIRE
Two Penn Center Plaza, Suite 910
Philadelphia, PA 19102
(215)569-0000

# Exhibit "A"

7/30/2000 THU 14:57 FAX 617 720 3554    DONNELLY CONROY & GELHAA    @023





July 24 2000



## PURCHASE ORDER
(ST-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)

| Model: CROSSTOWN | Color: Blue | Q'ty: 840 | @ FOB.Korea: $ 54.90- |
|---|---|---|---|
| | Black | 680 | |
| | Red | 440 | |
| | Purple | 80 | |
| PUSHER | Blue | 780 | $ 52.80- |
| | Black | 600 | |
| | Red | 500 | |
| | Purple | 100 | |
| BLAZER | Blue | 600 | $ 64.50- |
| | Black | 600 | |
| | Green(830C) | 400 | |
| | Yellow(810G) | 400 | |

Conditions:

(1) Shipment: As per your fax letter of July 25, 2000

(2) Payment: By cable remittance 30% after shipment, and 70% within one week
after custom clearance at U.S. border.

(3) Specification: As per your drawing No. SW01-010-027R3/SW01-R04-000R4

(4) Transportation: By sea or air uopn our instruction.

Your kind acknowledgement by return will be appreciated.

Scott Kajiya/South CA office

---

Head-Quarter: 717-495-7093          South CA Office: 310-783-1967
110 W.Padonia Rd. Timonium, MD 21093    1820 W. 220th. 200 Torrance, CA 90501



July 28, 2000

## PURCHASE ORDER

(SI-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)

Model: CROSSTOWN    Color: Blue        Q'ty: 840    @ FOB.Korea: $ 54.90-
                          Black              680
                          Red                440
                          Purple              60

         PUSHER           Blue               780                    $ 52.80-
                          Black              600
                          Red                500
                          Purple             100

         BLAZER           Blue               600                    $ 64.50-
                          Black              600
                          Green(830C)        400
                          Yellow(810G)       400

Conditions:

(1) Shipment: As per your fax letter of July 25, 2000

(2) Payment: By cable remittance 30% after shipment, and 70% within one week
            after custom clearance at U.S. border.

(3) Specification: As per your drawing No.SW01-010-027R3/SW01-R04-000RM

(4) Transportation: By sea or air uopn our instruction.

Your kind acknowledgement by return will be appreciated.

Scott Kajiya/South CA office

---

Head-Quarter: 717-495-7093              South CA Office: 310-783-1967
110 W.Padonia Rd. Timonium, MD 21093    1820 W. 220th. 200 Torrance, CA 90501

SIGN LANGUAGE HAB......

SIGN LANGUAGE HABITAT

1820 w. 220th 200 Torrance, CA 90501    (Tel) 310-783-1907 : (Fax)310-783-1965

July 24, 2000

## PURCHASE ORDER FOR ACCESSORIES

The followings are our order placement for the accessories for SI scooter. Please expedite your shipping.

| Items | Quantity | @ FOB | Amount | Shipment |
|-------|----------|-------|--------|----------|
| Carry bag | 1,500 sets | $ 2:75 | $ 4,125 | Aug. 3 |
| Spare-tire (120mm dia.) | 100 pairs | $ 7:50 | $ 750 | Aug. 3 |
| BLAZER-XL model (Hand-made) | 25 sets | $ 130:00 | $ 3,250 | Aug. 7 |
| | | Total | $ 8,125 | |

*Handwritten:* Paid. ⟹ (Carry bag), Asgure. ⟹ (Spare-tire), N/A (BLAZER-XL model), (SBX-1164-01)

* Payment: C.O.D.

Scott Kajiya/Sign Language Habitat

# Exhibit "B"

11/30/2000 THU 14:55 FAX 617 720 3554   DONNELLY CONROY & GELHAAR   @015



# *SHIN-EI BOEKI LTD.* 新栄貿易...式...社 〒104 東京都中央区八丁堀1-1-4

NO.1-4, 1-CHOME, HATCHOBORI   TEL:81-3-3553-7722
CHUO-KU, TOKYO, JAPAN 104   FAX:81-3-3555-7179



Scott Kajiya   October 16, 2000
Michael W. Bingham
S. Cary Briggs
Page 2 of 2

products have been shipped.

Shin-Ei Boeki does acknowledge payments to date from the Opposing Party in the total amount of US$160,097.70, on the dates and in the amounts indicated below:

| Opposing Party Payment Amount | Date of Wire Remittance |
|---|---|
| US$66,780.00 | 9/8 & 9/25 |
| US$21,785.40 | 9/18 |
| US$26,768.10 | 9/26 |
| US$44,764.20 | 10/10 |

Total Amount: US$160,097.70

Shin-Ei Boeki acknowledges that certain products, in the amount of US$240,575.40, are being held without release in a warehouse in California under order by Shin-Ei Boeki pending payment of the Amount Owed by the Opposing Party. If the Opposing Party does not pay the Amount Owed by the Due Date, Shin-Ei Boeki will take all necessary actions to collect the Amount Owed from the Opposing Party, will terminate without further notice all of the non-performing purchase orders and will demand compensation for damages suffered. Needless to say, if Shin-Ei Boeki terminates the non-performing purchase orders, all products presently held in the warehouse in California will not be released to the Opposing Party and Shin-Ei Boeki will be forced to find another purchaser of the products in order to mitigate its damages.

At this time, Shin-Ei Boeki presents this Demand for Payment to the Opposing Party in the amount of US$245,487.30 and requests that this Amount Owed is paid in full by Wednesday, October 18, 2000.

Very truly yours,

11/30/2000 THU 14:54 FAX 617 720 3554    DUNNELLY CONROY & GR...4A    ☒012



# SHIN-EI BOEKI LTD. 新栄貿易株式会社 〒104 東京都中央区八丁堀1-1-4

NO.1-4, 1-CHOME, HATCHOBORI
CHUO-KU, TOKYO, JAPAN 104

TEL:81-3-3553-7722
FAX:81-3-3555-1179

## FACSIMILE MESSAGE

Date:    October 16, 2000                    Total Pages: 2

To:    Scott Kajiya
       Sign Language Habitat
       Fax:   1-310-783-1965

       Michael W. Bingham
       S. Cary Briggs
       SI Scooterworks Inc.
       Fax:   1-717-235-0918

From:   Mr. Shintaro Inamura
        Shin-Ei Boeki
        Fax:   3555-1179

Re:    Demand For Payment

---

Dear Sirs:

This letter is a Demand For Payment for monies due and owed Shin-Ei Boeki by you, Sign Language Habitat and SI Scooterworks (hereinafter singularly and collectively the "Opposing Party") in the amount of US$245,487.30 (the "Amount Owed"). Shin-Ei Boeki hereby demands payment in full by Wednesday, October 18, 2000 (the "Due Date") by the Opposing Party of the Amount Owed. In the event the Amount Owed is not remitted in full to Shin-Ei Boeki by the Due Date, Shin-Ei Boeki will avail itself of all necessary and available legal remedies to protect its interests and to recover the Amount Owed.

The Amount Owed is a result of non-payment by the Opposing Party of the following purchase orders (the "Purchase Orders") issued by the Opposing Party and signed by Scott Kajiya. Purchase Orders SI-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, dated July 24, 2000 for products in the amount of US$344,442.00, SI-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, dated July 28, 2000 for products in the amount of US$344,442.00, and "Purchase Order For Accessories" dated July 24, 2000 for products in the amount of US$4,875.00. The total purchase price for the Purchase Orders is US$693,759.00. Pursuant to Condition (2) of the first two purchase orders referenced above, payment is to be made "By cable remittance 30% after shipment, and 70% within one week after custom clearance at U.S. border". Pursuant to the third purchase order referenced above, payment is to be made by cash on delivery. Shin-Ei Boeki acknowledges that certain products, in the amount of US$47,598.60, have not been shipped by Shin-Ei Boeki to the Opposing Party as a result of the delay in payment of the Amount Owed by the Opposing Party. Subtracting the amount of products not

U.S. District Court Web PACER(v2.3) Docket Report

Docket as of March 19, 2002 7:16 pm        Web PACER (v2.3)

## U.S. District Court

## Middle District of Pennsylvania (Harrisburg)

### CIVIL DOCKET FOR CASE #: 00-CV-2241

### Shin-Ei Boeki, Ltd. v. Kajiya, et al

Filed: 12/26/00
Assigned to: Judge Yvette Kane
Jury demand: Plaintiff
Demand: $0,000 42133
Nature of Suit: 190
Lead Docket: None
Jurisdiction: Diversity
Dkt# in other court: None
Cause: 28:1332 Diversity-Other Contract

| | |
|---|---|
| SHIN-EI BOEKI, LTD.<br>plaintiff | Jonathan S. Ziss<br>[COR LD NTC]<br>Silverman, COppersmith, Hillman<br>& Frimmer<br>Two Penn Center<br>Suite 910<br>Philadelphia, PA 19102<br>215-636-3962 |
| v.<br>SCOTT KAJIYA<br>defendant | Michael John Hanft<br>[COR LD NTC]<br>19 Brookwood Ave.<br>Suite 106<br>Carlisle, PA 17013<br>717-249-5373 |
| MICHAEL W. BINGHAM<br>defendant | Alan R. Boynton, Jr.<br>17172375300<br>[COR LD NTC]<br>McNees, Wallace & Nurick<br>100 Pine St.<br>P. O. Box 1166<br>Harrisburg, PA 17108<br>717-237-5352<br>Helen L. Gemmill<br>17172375300<br>hgemmill@mwn.com<br>[COR LD NTC]<br>McNees, Wallace & Nurick<br>100 Pine Street<br>P.O. Box 1166<br>Harrisburg, PA 17108-1166<br>717-237-5273 |
| CARY BRIGGS<br>defendant | Alan R. Boynton, Jr.<br>(See above)<br>[COR LD NTC]<br>Helen L. Gemmill<br>(See above)<br>[COR LD NTC] |
| SIGN LANGUAGE HABITAT<br>defendant | Michael John Hanft<br>(See above)<br>[COR LD NTC] |
| SI SCOOTER WORKS,INC<br>defendant | Alan R. Boynton, Jr.<br>[term 03/19/02]<br>(See above)<br>[COR LD NTC] |
| SI SCOOTER WORKS,INC<br>counter-claimant | Alan R. Boynton, Jr.<br>[term 03/19/02]<br>17172375300 |

```
                              [COR LD NTC]
                              McNees, Wallace & Nurick
                              100 Pine St.
                              P. O. Box 1166
                              Harrisburg, PA 17108
                              717-237-5352
SHIN-EI BOEKI, LTD.           Jonathan S. Ziss
     counter-defendant        [COR LD NTC]
                              Silverman, COppersmith, Hillman
                              & Frimmer
                              Two Penn Center
                              Suite 910
                              Philadelphia, PA 19102
                              215-636-3962
SIGN LANGUAGE HABITAT         Michael John Hanft
     counter-claimant         [COR LD NTC]
                              19 Brookwood Ave.
                              Suite 106
                              Carlisle, PA 17013
                              717-249-5373
SHIN-EI BOEKI, LTD.           Jonathan S. Ziss
     counter-defendant        [COR LD NTC]
                              Silverman, COppersmith, Hillman
                              & Frimmer
                              Two Penn Center
                              Suite 910
                              Philadelphia, PA 19102
                              215-636-3962
```

# DOCKET    PROCEEDINGS

DATE    #          DOCKET    ENTRY

12/26/00 1     COMPLAINT - contract dispute.  Receipt #: 333 82112  Amt:
               $150.00 (rm) [Entry date 12/26/00]

12/26/00 --    SUMMONS ISSUED as to defendant Scott Kajiya, defendant
               Michael W. Bingham, defendant Cary Briggs, defendant Sign
               Language Habita, defendant Si Scooter Works,Inc (rm)
               [Entry date 12/26/00]

1/3/01   2     LETTER from court to counsel RE: case assignment &
               procedure. (jk) [Entry date 01/03/01]

1/26/01  3     ENTRY OF ATTORNEY APPEARANCE for defendants Michael W.
               Bingham, Cary Briggs and Si Scooter Works, Inc. by Alan R.
               Boynton, Jr., Esquire and c of s. (jh) [Entry date 01/29/01]

1/31/01  4     ANSWER to complaint by defendant Si Scooter Works, LLC  and
               COUNTERCLAIM against plaintiff Shin-Ei Boeki, Ltd.;
               Exhibits A and B; C/S. (vg) [Entry date 02/01/01]

1/31/01  5     MOTION by defendants Michael W. Bingham, Cary Briggs to
               dismiss cmp.; Cert. of Non-Conc.; C/S; Propo. (vg)
               [Entry date 02/01/01]

2/14/01  6     BRIEF - by defts. Michael W. Bingham & Cary Briggs IN
               SUPPORT of motion to dismiss cmp. [5-1] (c/s) (am)
               [Entry date 02/14/01]

2/14/01  7     AFFIDAVIT - of Michael W. Bingham in support its brief re:
               mtn. to dismiss. [6-1] (c/s) (am) [Entry date 02/14/01]

2/14/01  8     AFFIDAVIT - of Cary Briggs in support of its brief re: mtn.
               to dismiss [6-1] (c/s) (am) [Entry date 02/14/01]

2/15/01  9     MOTION by dfts Scott Kajiya & Sign Language Habitat to
               extend time to answer until 2/20/01; with cert. of conc.,
               c/s and propo. (sc) [Entry date 02/16/01]

2/15/01  10    MOTION by defendant Scott Kajiya to dismiss complaint;
               with cert. of non-conc, c/s and propo. (sc)
               [Entry date 02/16/01]

2/15/01  11    ENTRY OF ATTORNEY APPEARANCE for defendants Scott Kajiya and
               Sign Language Habitat by atty Michael John Hanft; with c/s.
               (sc) [Entry date 02/16/01] [Edit date 02/21/01]

2/20/01  12    ANSWER by counter-defendant Shin-Ei Boeki, Ltd. to
               COUNTERCLAIM of defendant Si Scooterworks, LLC and c of s.
               (jh) [Entry date 02/21/01] [Edit date 02/21/01]

2/20/01  13    ANSWER to complaint by defendant Sign Language Habitat and
               COUNTERCLAIM against plaintiff Shin-Ei Boeki, Ltd. with
               exhs. attached and c of s. (jh) [Entry date 02/21/01]

2/20/01  14    ORDER by Judge Yvette Kane  IT IS ORDERED THAT the mtn of
               defts, Scott Kajiya and Sign Language Habitat, to enlarge
               time is granted until 2/20/01. [9-1] (cc: all counsel &
               Ct.) (jh) [Entry date 02/21/01]

3/1/01   17    BRIEF by plaintiff Shin-Ei Boeki, Ltd.  IN OPPOSITION to
               motion to dismiss cmp. [5-1] ;reply brief due 3/14/01 C/S
               (sm) [Entry date 03/02/01]

3/2/01   15    BRIEF - by defts. Scott Kajiya & Sign Language Habitat IN
               SUPPORT of motion to dismiss complaint [10-1] (c/s) (am)
               [Entry date 03/02/01]

3/2/01   16    AFFIDAVIT - of Scott Kajiya [15-1] (c/s) (am)
               [Entry date 03/02/01]

3/12/01  18    ANSWER by defendant Scott Kajiya to COUNTERCLAIM of DFT
               Sign Language Habitat C/S (sm) [Entry date 03/12/01]

3/15/01  19    REPLY BRIEF by defendants Michael W. Bingham and Cary
               Briggs in support of motion to dismiss cmp. and c of s.
               [5-1] (jh) [Entry date 03/16/01]

3/27/01  20    BRIEF by plaintiff Shin-Ei Boeki, Ltd.  IN OPPOSITION to
               motion to dismiss complaint [10-1] ;reply brief due 4/9/01
               C/S (sm) [Entry date 03/28/01]

4/19/01  21    SCHEDULING ORDER  by Judge Yvette Kane - Scheduling
               conference set 11:30 a.m. on 5/31/01 (cc: all counsel,
               court) (jk) [Entry date 04/19/01]

5/25/01  22    CASE MANAGEMENT FORM returned by cnsl. (jh)
               [Entry date 05/29/01]

5/29/01  23    ENTRY OF ATTORNEY APPEARANCE for defendants by atty Helen
               L. Gemmill; with c/s. (sc) [Entry date 05/30/01]

6/4/01   24    ORDER by Judge Yvette Kane - 1)Motion to dismiss of
               defendant Kajiya is DENIED.[5-1] 2)Motion to dismiss of
               Defendants Bingham & Briggs is DENIED.[10-1] 3)The parties
               shall have until 8/3/01 to conduct discovery solely on the
               issue of potential liability of the individual named
               plaintiffs. 4)The parties may file dispositive motion and
               supporting briefs limited to the issue of the individual
               liability of the named plaintiffs on or before 8/31/01.
               5)Remainder of the case is STAYED pending resolution of the
               issue of individual liability. Case stayed (cc: all
               counsel, court) (jk) [Entry date 06/05/01]

6/5/01   25    MINUTE SHEET of case mgmt. conf. held 5/31/01 by Judge
               Kane. (jk) [Entry date 06/06/01]

9/13/01  26    MOTION by defendant Michael W. Bingham to stay or for
               leave to file mtn for S/J on or before 9/21/01 with cert
               of nonconc, proposed order and c of s. (jh)
               [Entry date 09/14/01]

9/21/01  27    MOTION by defendant Michael W. Bingham for summary
               judgment; Cert. of Non-Conc.; C/S; Propo. (vg)
               [Entry date 09/24/01]

9/21/01  28    STATEMENT OF MATERIAL UNDISPUTED FACTS by defendant Michael
               W. Bingham in support of motion for summary judgment [27-1];
               C/S. (vg) [Entry date 09/24/01]

U.S. District Court Web PACER(v.3) Docket Report                                    Page 4 of 5

| | | |
|---|---|---|
| 9/21/01 | 29 | BRIEF by defendant Michael W. Bingham IN SUPPORT of motion for summary judgment [27-1]; C/S. (vg) [Entry date 09/24/01] |
| 10/1/01 | 30 | RESPONSE "captioned answer" by plaintiff Shin-Ei Boeki, Ltd. to mtn of deft Michael Bingham tp stay or leave to file mtn for summary judgment. C/S, Propo. (pm) [Entry date 10/02/01] |
| 10/9/01 | 31 | LETTER - from Jonathan S. Ziss, Esquire to court dated 10/8/01 re: In the event that the matter is not stayed, and defts' request for an extension is granted, pltf will then file its opp. to the S/J mtn on the merits. (jh) [Entry date 10/10/01] |
| 10/9/01 | 32 | ORDER by Judge Yvette Kane Upon consideration of the mtn of deft Bingham for leave to file a mtn for partial S/J on or before 9/21/01, IT IS ORDERED THAT the mtn is granted. [26-1] (cc: all counsel & Ct.) (jh) [Entry date 10/10/01] |
| 10/26/01 | 33 | RESPONSE by plaintiff to mtn of deft M. Bingham for summary judgment. C/S (pm) [Entry date 10/29/01] |
| 10/26/01 | 34 | BRIEF by plaintiff IN OPPOSITION to motion for summary judgment [27-1]; reply brief due 11/8/01. C/S (pm) [Entry date 10/29/01] |
| 10/26/01 | 35 | RESPONSE captioned "reply" by plaintiff to deft M. Bingham's statement of material undisputed facts, w/ counter-statement. C/S, Exhbts (pm) [Entry date 10/29/01] |
| 11/5/01 | 36 | REPLY BRIEF by defendant Michael W. Bingham in support of motion for summary judgment [27-1] C/S. (mc) [Entry date 11/06/01] |
| 12/14/01 | 37 | MOTION by plaintiff Shin-Ei Boeki, Ltd. for leave to file an AMENDED COMPLAINT pursuant to FRCP 15(a); with c/s, cert. of non-conc., propo and exhibits. (sc) [Entry date 12/17/01] |
| 12/14/01 | 37 | BRIEF by plaintiff IN SUPPORT of motion for leave to file an AMENDED COMPLAINT pursuant to FRCP 15(a) [37-1] C/S. (jk) [Entry date 01/22/02] |
| 1/30/02 | 38 | MEMORANDUM AND ORDER: by Judge Yvette Kane granting dft Bingham's motion for summary judgment. Entry of judgment shall be deferred pending a resolution of the remainder of the case. [27-1] Teleconf set for 11:00 a.m. on 2/13/02 (cc: all counsel, court) (jk) [Entry date 01/31/02] |
| 2/25/02 | 39 | MOTION by defendant Si Scooter Works,Inc for leave to withdraw counsel Alan Boynton; C/S, Certconcurr., propo (pm) [Entry date 02/26/02] |
| 2/27/02 | 40 | ORDER by Judge Yvette Kane granting motion for leave to file an AMENDED COMPLAINT pursuant to FRCP 15(a). The Clerk of Court shall docket the amended complaint attached as exhibit D to plaintiff's motion. [37-1] (cc: all counsel, court) (jk) [Entry date 02/27/02] |
| 2/27/02 | 41 | AMENDED COMPLAINT - filed by plaintiff. Answer due 3/12/02 for Si Scooter Works,Inc, for Sign Language Habita, for Scott Kajiya, for Michael W. Bingham, for Cary Briggs. (jk) [Entry date 02/28/02] |
| 3/4/02 | 42 | SUPPLEMENTAL CERTIFICATE of CONCURRENCE by Alan Boynton, Jr., McNees Wallace & Nurick LLC. Undersigned certifies that he has been advised by cnsl for pltf that pltf concurs w/ mtn of McNees Wallace & Nurick LLC to Withdraw as Cnsl; C/S, (vg) [Entry date 03/05/02] |
| 3/19/02 | 43 | ORDER by Judge Yvette Kane GRANTING mtn for leave to withdraw counsel Alan Boynton [39-1] for Si Scooter Works, Inc. (cc: all counsel, court) (ma) [Entry date 03/19/02] |

Case Flags:

STAY
HBG

END OF DOCKET: 1:00cv2241

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 04/10/2002 10:40:58 | | | |
| PACER Login: | sc0253 | Client Code: | 31455-001 |
| Description: | docket report | Search Criteria: | 1:00cv02241 |
| Billable Pages: | 7 | Cost: | 0.49 |

## UNSWORN DECLARATION
## OF ATTORNEY JONATHAN S. ZISS PURSUANT TO 28 U.S.C. §1746

Attorney Jonathan S. Ziss makes the following unsworn declaration pursuant to 28 U.S.C. §1746:

1.      I am Jonathan S. Ziss, an attorney-at-law and counsel for plaintiff Shin-Ei Boeki, Ltd. in the matter of *Shin-Ei Boeki, Ltd. v. Scott Kajiya, et al.,* civil action no. 1:CV-00-2241 (Judge Kane) presently pending in the United States District Court for the Middle District of Pennsylvania (the "Civil Action").

2.      As of April 22, 2002, neither defendant Scott Kajiya nor defendant Sign Language Eyewear, Inc. d/b/a Sign Language Habitat have served an answer or other pleading in response to plaintiff's amended complaint, nor have either of these parties either directly or through their attorney Michael J. Hanft sought an extension of time within which to answer, move or otherwise plead with respect to the amended complaint in this Civil Action.

3.      I declare under penalty of perjury that the foregoing is true and correct. Executed on April 24, 2002.

_____
Jonathan S. Ziss

F:\WPCNET\DOCS\31455\001\pleadings\unsworn.declaration.WPD