## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHIN-EI BOEKI, LTD. | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 1:00-cv-02241 |
| | : | |
| SCOTT KAJIYA, MICHAEL W. BINGHAM, | : | (Judge Kane) |
| CARY BRIGGS, SIGN LANGUAGE EYEWEAR, | : | |
| INC. d/b/a SIGN LANGUAGE HABITAT, | : | |
| and Si SCOOTER WORKS, INC. | : | |

### BRIEF IN SUPPORT OF MOTION OF PLAINTIFF SHIN-EI BOEKI, LTD. PURSUANT TO FED.R.CIV.P. 41(a)(2) TO DISMISS ALL CLAIMS AND COUNTERCLAIMS

### I.      INTRODUCTION AND BACKGROUND

This is a civil action arising out of the sale by plaintiff of a large quantity of recreational push scooters to the defendants.  Plaintiff's claim arises out of the failure of the defendants to pay for these goods in full.

Defendant Michael Bingham has been dismissed by way of summary judgment (docket no. 38).  Defendant Cary Briggs filed for personal bankruptcy.[1]  The law firm of McNees Wallace & Nurick was granted leave to withdraw as counsel for defendant Si Scooter Works, LLC.  (docket no. 43).

---

[1] Briggs filed a voluntary petition under Chapter 13 on August 9, 2001 (no. 1:01-04398).  That case was dismissed on August 20, 2002.  Briggs again filed under Chapter 13 on October 21, 2002 (no. 1:02-05781).  That case was dismissed on November 22, 2002.

Plaintiff was granted leave to file an amended complaint (docket no.41). The amended complaint named Sign Language Eyewear, Inc. d/b/a Sign Language Habitat as a defendant in addition to the others. Defendant Kajiya has answered the amended complaint but has not reasserted his counterclaim (docket no.49). Defendant Sign Language Habitat is in default (docket no.54). Defendants Briggs and Si Scooter Works, LLC have not answered the amended complaint, although plaintiff has not moved for entry of default.

This matter was referred to Magistrate Judge Smyser. However, the consent of all parties to the jurisdiction of the magistrate, pursuant to 28 U.S.C. 636(c)(1), (2) and Local Rule 72.1(b) has not been gained.

Presently before the court is the motion of plaintiff Shin-Ei-Boeki to cause all pending claims and counterclaims to be dismissed with prejudice and without costs, pursuant to Fed.R.Civ.P 41(a)(2), for the reasons which follow.

## II.   ISSUE

A.   Whether a civil action may be dismissed in its entirety where there is no opposition to the dismissal and the dismissal would best serve the interests of the parties and the conservation of judicial resources.

## III.   ARGUMENT

As this Honorable Court is well aware, an action may be dismissed by the plaintiff without order of Court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Fed.R.Civ.P. 41. The instant case is arguably appropriate for dismissal pursuant to Rule 41(a)(1) insofar as the only adverse party which has answered the

amended complaint, namely Scott Kajiya, does not object to dismissal and is amendable to signing a stipulation.[2]  The other three defendants (Briggs, Si Scooter Works, LLC and Sign Language Habitat) have not answered the amended complaint, and thus the present posture of this case may be deemed to be a "time before service by [these] adverse part[ies] of an answer . . .".  Accordingly, dismissal upon plaintiff's notice alone should suffice.  However, because of the somewhat ragged procedural posture of the case, plaintiff respectfully submits that dismissal pursuant to Fed.R.Civ.P. 41(a)(2) is more appropriate.

As this Honorable Court is aware, Fed.R.Civ.P. 41(a)(2) provides for dismissal "at the plaintiff's instance . . . upon such terms and conditions as the court seems just."  The factors favoring dismissal are the following.

First, after more than two years of litigation, plaintiff has concluded that continued litigation will not be cost effective, regardless of the outcome, and therefore wishes to retire the litigation.  Second, defendant Scott Kajiya does not oppose plaintiff's interest in retiring the litigation.  Third, defendant Sign Language Habitat is unrepresented in this action and has taken no affirmative steps to protect, defend, or otherwise advance its interests.  It is presently in default.  Likewise, neither Si Scooter Works, LLC nor Cary Briggs are represented nor have taken any steps to protect, defend, or otherwise advance their respective interests in this litigation.

Local Rule 41.1 provides, in pertinent part, "any action may be dismissed by the court at any time no proceedings appear to have been taken for one full calendar year."  While this

---

[2]
See Local Rule 7.1 Certification of Concurrence attached hereto as Exhibit "A".

is not true of the case taken as a whole, it is certainly accurate s to the status of the claims

involving defendants Briggs, Si Scooter Works, LLC and Sign Language Habitat, which have

shown no recent activity.

## IV.     CONCLUSION

For the reasons set forth herein plaintiff Shin-Ei Boeki, Ltd. respectfully requests that

this Honorable Court enter an order pursuant to Fed.R.Civ.P. 41(a)(2) dismissing this action

with prejudice and with each party bearing its own costs.

Respectfully submitted,

SILVERMAN BERNHEIM & VOGEL

By:_____

JONATHAN S. ZISS
PA I.D. 42437
Attorneys for plaintiff
Shin-Ei Boeki, Ltd.

Two Penn Center Plaza
Suite 910
Philadelphia, PA 19102
(215) 569-0000

**A**

# HANFT & KNIGHT, P.C.
## ATTORNEYS & COUNSELLORS AT LAW

HK

WILLIAM A. ADDAMS
MICHAEL J. HANFT
GREGORY H. KNIGHT

April 24, 2003

<u>VIA FACSIMILE (215/636-3999)</u>
<u>& U.S. MAIL</u>
Jonathan S. Ziss, Esquire
SILVERMAN, BERNHEIM & VOGEL
Two Penn Center Plaza, Suite 910
Philadelphia, Pennsylvania 19102

RE:   Shin-Ei Boeki, Ltd. v. Scott Kajiya, et al.
USDC, Middle District of Pennsylvania, No. 1:CV-00-2241
Your File No. 31455-001
Our File No. 2032.1

Dear Jonathan:

Please accept this letter as a followup to yours of April 23, 2003.  Please be advised that I spoke to Scott Kajiya regarding your letter.  My client will not oppose a motion to dismiss the action pursuant to Federal Rule of Civil Procedure 41(a)(2) provided that the Order provides that the dismissal of all claims, counterclaims and cross-claims are done <u>with</u> prejudice.  Please advise me if this is acceptable to your client.  Furthermore, please provide me with a copy of the proposed Order that you would forward to the Court with your Motion.

Thank you in advance for your prompt attention to this matter.  I look forward to hearing from you soon.

Very truly yours,

HANFT & KNIGHT, P.C.

Michael J. Hanft

MJH/dmh

cc:   Scott Kajiya

P:\User Folders\Firm Docs\Genltr2003\2032-1jz2.wpd

19 BROOKWOOD AVENUE  SUITE 106  CARLISLE, PA 17013-9142
717.249.5373  FAX 717.249.0457  WWW.HANFTLAWFIRM.COM