# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHIN-EI BOEKI, LTD. | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 1:00-cv-02241 |
| | : | |
| SCOTT KAJIYA, MICHAEL W. BINGHAM, | : | (Judge Kane) |
| CARY BRIGGS, SIGN LANGUAGE EYEWEAR, | : | |
| INC. d/b/a SIGN LANGUAGE HABITAT, | : | |
| and Si SCOOTER WORKS, INC. | : | |
| | : | |

## BRIEF IN SUPPORT OF PLAINTIFF SHIN-EI BOEKI, LTD.'S RESPONSE TO ORDER TO SHOW CAUSE DATED APRIL 25, 2003

### I.        INTRODUCTION AND PROCEDURAL HISTORY

This civil action was assigned by United States District Judge Kane to United States

Magistrate Judge Smyser with the consent of plaintiff and defendant Scott Kajiya, the only

two parties presently represented by counsel.  At a conference before Judge Smyser, the issue

of 28 U.S.C. §636(c) consent was discussed and a plan/timetable was put in place for the

parties to attempt to gain consent.  Alternatively, the possibility of the dismissal of individual

parties was discussed.

By letter dated April 17, 2003 plaintiff, through its counsel, informed Judge Smyser

that the consent of all parties could not be gained.  Shortly thereafter, on April 25, 2003

plaintiff filed a motion to dismiss all claims and counterclaims pursuant to Fed. R. Civ. P.

41(a)(2).

On April 25, 2003 Judge Smyser issued a show cause order why this case should not be reassigned to Judge Kane for the reason that there is not 28 U.S.C. §636(c) consent of all of the parties.

**II.**  **ISSUE**

A.  Whether a civil action can proceed before a United States Magistrate Judge when there is not 28 U.S.C. §636(c) consent of all of the parties.

Suggested answer: No.

**III.**  **ARGUMENT**

The jurisdiction of a United States Magistrate Judge for purposes of trial and/or dispositive motions requires the consent of all of the parties.  28 U.S.C. §636(c).  Where the consent of all parties is lacking, such jurisdiction by a United States Magistrate Judge is inconsistent with the Federal Rules of Civil Procedure as well as the laws of the United States 28 U.S.C. §636.  In that event, reassignment to a district judge is proper.

## IV.  **CONCLUSION**

For the reasons set forth in the annexed response, and as set forth herein, this civil

action should be reassigned to United States District Judge Kane.


Respectfully submitted,

SILVERMAN BERNHEIM & VOGEL

By: _____
JONATHAN S. ZISS
PA I.D. 42437
Attorneys for plaintiff
Shin-Ei Boeki, Ltd.

Two Penn Center Plaza
Suite 910
Philadelphia, PA 19102
(215) 569-0000

## CERTIFICATE OF SERVICE

I, Jonathan S. Ziss, hereby certify that on April 29, 2003 I caused a true and correct copy of the Foregoing Response of Plaintiff Shin-Ei Boeki, Ltd. To Order to Show Cause Dated April 25, 2003 with accompanying Memorandum of Law to be served, via United States first-class mail, postage prepared addressed as follows:

Michael J. Hanft, Esquire
19 Brookwood Avenue, Suite 106
Carlisle, PA 17013-9142
Attorney for defendant Scott Kajiya

Sign Language Eyewear, Inc. d/b/a Sign Language Habitat
1820 West 220th
Torrance, CA 90501

S. Cary Briggs
550 Erlen Drive
York, PA 17402

Si Scooter Works, Inc. c/o S. Cary Briggs
550 Erlen Drive
York, PA 17402

Michael W. Bingham
130 Ridgefield Drive
York, PA 17403

SILVERMAN BERNHEIM & VOGEL

BY: _____
Jonathan S. Ziss, Esquire
Two Penn Center Plaza
Suite 910
Philadelphia, PA 19102
(215) 569-0000